Bay, J.
delivered the opinion of the Court.
1st. Upon this first ground I am of opinion, that the same principles which were laid down in Moodie and Morrall's ease will apply in present one; and that the presiding Judge very properly decided, that the notice proved by the clerk of the notary, (who had lately departed this life,) was good and legal notice.
2d. Upon the second ground I am obliged to differ from him in opinion, and am inclined to think he has laid down the law too rigidly against endorsers in the present instance. The same grounds were taken exactly in the case of Moodie and Morrall which have been taken here, and the opinion of the majority of the Court in that case was, that giving day for payment, and taking a new security, exonerated the endorser; and in the present case, giving a new credit for near four years, till the drawer became insolvent, and receiving two partial payments from the drawer, with a promise not to look to the endorser, completely exonerated the defendant. Nay, I am induced to believe, that this is still a stronger CQ.se than the other, in favour of the endorser; for here there was an express engagement on the part of the holder, in consideration of the partial payments, not to look to the endorser; and I would beg leave to ask, is there any good reason to say that a man shall not be bound by his contract in a case of this kind as *376 well as in every other case of contract ? I con-, fess I cari see none. There is still a further ground in this case, which did not appear in the case of Moodie and Morrall; and that is, that the holder in this case received two partial payments, at more than the. distance of twelve months from each other, which was taking upon himself to give the whole credit to the drawer of the note. In 2d. Sir. 745, it is laid down that if a part of a note is received of the drawer, it is giving the whole credit to the drawer, and absolutely discharges the endorser; so that he cannot be resorted to for the rest. The same doctrine is laid down in 1 Will. 48; that is, if the endorser receives part of the money upon a note of the drawer, he takes upon himself to give, credit for the whole to the drawer, and it discharges the endorser absolutely. This last ground, however, appears to be doubtful; for although the authorities therein referred to are express and positive, yet later authorities lay down the law otherwise; and that receipt of part from the drawer will not exonerate the endorser when no further day is given for payment. For all these reasons, Í am of opinion, that the verdict should be set aside, and a new trial granted.
Nott, Colcock, and Cheves, J. concurred in the opinion, that a new trial ought to be granted, on the ground that there was evidence which should. *377 have gone to the Jury, of a new credit to thé drawer. - .
K. L. Simons, for the motion.
Winstanley, contra.
Johnson, J.
I am opposed to the motion, on the ground that there was not any evidence á legal indulgence given to the payee;